IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEVI PERINE, JR.,                          :

    Petitioner,                        :
                                CIVIL ACTION 11-400-KD-M
v.                                         :
                         CRIMINAL ACTION 09-00193-KD-M
UNITED STATES OF AMERICA,                  :

    Respondent.                        :

<u>REPORT AND RECOMMENDATION</u>

        Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 76). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Petitioner's Motion to Vacate (Doc. 76) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Levi Perine, Jr.  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

1

Perine was indicted on September 24, 2009 on the following charges:  conspiring to possess, with the intent to distribute, oxycodone in violation of 21 U.S.C. § 846 (count 1); on two separate occasions, possessing, with the intent to distribute, oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (counts 9, 10); using and carrying a firearm, while possessing oxycodone with the intent to distribute it, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2) (count 11); and forfeiture in accordance with 21 U.S.C. § 853 (count 12) (Doc. 1).  On March 1, 2010, Petitioner entered into a Plea Agreement in which he pled guilty to possessing, with the intent to distribute, oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count 10) and using and carrying a firearm, while possessing oxycodone with the intent to distribute it, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2) (count 11) (Doc. 56); Perine and his attorney both signed the Agreement as well as the Factual Resume attached to it (Doc. 56).  On August 6, 2010, United States District Judge DuBose sentenced Perine to forty-six months on the distribution charge (count 10) and sixty months on the firearm charge (count 11), to be served consecutively; Petitioner was also sentenced to three years and five years of supervised release on the two counts, respectively, to be served concurrently following his release from prison (Doc. 73).

2

Perine was also assessed two hundred dollars; counts one, nine, and twelve in the indictment were dismissed (Doc. 73).

Petitioner did not appeal either the conviction or the sentence. His trial attorney, John Beck, filed a Notice of Non-Appeal in which he indicated that, after talking with his client, they had agreed that an appeal would be "fruitless" (Doc. 72).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on July 18, 2011 in which he raised the following claims: (1) His conviction was obtained pursuant to an unlawful arrest; (2) he was denied the effective assistance of counsel; and (3) he was denied his right to appeal (Doc. 76). Respondent filed a response on September 6, 2011 (Doc. 81); Petitioner has not filed a reply though given the opportunity to do so (*see* Doc. 79).

Perine first claims that his conviction was obtained pursuant to an unlawful arrest. Petitioner goes on to assert the following:

> The arrest was unlawful in my case because I did not give the confidential informant any drugs even though the arresting officer (Chris Wallace) made statements that he witnessed me give the confidential informant one 80 mg Oxycontin pill in exchange for four pre-recorded $20 bills. When in fact the confidential informant gave me three of

3

> the four pre-recorded $20 bills and he did
> not receive any pill from me.

(Doc. 76, p. 6).

The Court notes that the Factual Resume, attached to the
Plea Agreement and signed by Petitioner, indicates that, on June
24, 2009, Mobile Police Department Officer Christopher Wallace
used a confidential informant (hereinafter *CI*), who was wearing
a wire, to purchase a pill containing oxycodone with marked
bills totaling eighty dollars from Perine in Mobile (Doc. 56, p.
15).  Petitioner was arrested the next day and, pursuant to a
pat-down search, found to have a pill bottle containing 175
green oxycontin tablets and more than $1700 cash (including
three of the marked twenty dollar bills used by the CI in the
previous day's purchase) on his person as well as a loaded Smith
& Wesson 40 caliber handgun in his car console (*id.* at pp. 15-
16).  After being Mirandized, Perine admitted that he had
previously had three hundred oxycontin tablets and that he had
sold what he no longer possessed; he stated that the gun was his
although he did not have a permit (*id.* at pp. 16-17).

Petitioner's assertions in this Motion directly contradict
his signed statement made at the time of his Plea Agreement.
The Court notes that the United States Supreme Court has
addressed this issue, stating that "[w]hen a criminal defendant

4

has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Court notes that, in this action, Perine appeared in Court with his attorney on March 1, 2010 and entered a plea of guilty to counts 10 and 11 in the indictment; Judge DuBose accepted the plea and found Petitioner guilty (Doc. 57). Perine's claim that his arrest was unlawful is without merit.

Petitioner next claims that he was denied the effective assistance of counsel. More specifically, Perine asserts the following:

> My retained attorney, John Beck, did not contest the two different statements that was made by arresting officer Chris Wallace. John Beck did not appeal the sentence after I asked him to do so. John Beck also did not go over my Pre Sentence Investigation Report with me. As a matter of fact, John Beck faxed my PSIR to Lt. Conner at the Monroe County Jail the day before my sentencing date. John Beck also gave permission to DEA agent Wolf and one of his colleagues to come and talk to me without my permission and without me knowing about it. Last, but not least, John Beck did not go over the sentencing guideline with me. John Beck also lied about my plea agreement in which he claimed that my personal property would not be seized if I

5

> plea out to the charges that's against me.
> In any case these are the reasons I think I
> had ineffective counsel.

(Doc. 76, p. 6).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687.

The Court finds that Petitioner has failed to demonstrate either prong of the *Strickland* analysis.[1] Even were the Court to accept Perine's assertions as factually true and assume that

---

[1]The Court will discuss Perine's assertion that his attorney failed to file an appeal on his behalf separately as it has been

6

they prove his attorney's deficiency, which it does not,

Petitioner has not attempted to show—much less demonstrated—how

these actions prejudiced him.

Petitioner finally claims that he was denied his right to

appeal.  The only assertion made regarding this claim is that

Perine's "lawyer, John Beck, declined on appealing the sentence

even though [he] asked him to do so" (Doc. 76, p. 5).

The Court notes that this issue, previously, would have

required an evidentiary hearing.  However, a recent Eleventh

Circuit case, *Chavez v. Secretary Florida Dept. of Corrections*,

647 F.3d 1057 (11th Cir. 1057), *cert. denied sub nom. Chavez v.*

*Tucker*, --- U.S. ---, 132 S.Ct. 1018 (2012), thoroughly

discusses the need for such a hearing.  Relevant language from

*Chavez* is as follows:

> In a habeas corpus proceeding "[t]he
> burden is on the petitioner . . . to
> establish the need for an evidentiary
> hearing."  *Birt v. Montgomery,* 725 F.2d 587,
> 591 (11th Cir. 1984) (*en banc*); *see also*
> *Dickson v. Wainwright,* 683 F.2d 348, 351
> (11th Cir. 1982) ("We emphasize that the
> burden is on the petitioner in a habeas
> corpus proceeding to allege sufficient facts
> to support the grant of an evidentiary
> hearing and that this court will not blindly
> accept speculative and inconcrete claims as
> the basis upon which a hearing will be
> ordered." (quotation marks omitted)).

---

raised as a claim unto itself.

7

"In deciding whether to grant an
evidentiary hearing, a federal court must
consider whether such a hearing could enable
an applicant to prove the petition's factual
allegations, which, if true, would entitle
the applicant to federal habeas relief."
*Schriro v. Landrigan,* 550 U.S. 465, 474, 127
S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007).
That means that if a habeas petition does
not allege enough specific facts that, if
they were true, would warrant relief, the
petitioner is not entitled to an evidentiary
hearing.  *Allen v. Sec'y, Fla. Dep't of
Corr.,* 611 F.3d 740, 763 (11th Cir. 2010)
("Having alleged no specific facts that, if
true, would entitle him to federal habeas
relief, Allen is not entitled to an
evidentiary hearing."); *Porter v.
Wainwright,* 805 F.2d 930, 933 (11th Cir.
1986) ("While the district court is required
to conduct an evidentiary hearing in certain
circumstances, such a hearing is not
required unless the petitioner alleges facts
which, if proved, would entitle him to
federal habeas relief.").[FN1]

>    FN1. AEDPA does contain additional
>    restrictions on a federal court
>    granting an evidentiary hearing in a
>    state prisoner's habeas proceeding.
>    *See* 28 U.S.C. § 2254(e)(2); *Cullen v.
>    Pinholster,* --- U.S. ----, 131 S.Ct.
>    1388, 1398, 179 L.Ed.2d 557 (2011);
>    *see also, Schriro,* 550 U.S. at 474,
>    127 S.Ct. at 1940 ("Because the
>    deferential standards prescribed by §
>    2254 control whether to grant habeas
>    relief, a federal court must take
>    into account those standards in
>    deciding whether an evidentiary
>    hearing is appropriate.").  Those
>    additional restrictions do not,
>    however, apply to the § 2244(d)
>    statute of limitations tolling issues
>    before us, because whether the

8

statute is equitably tolled is a
purely federal issue, which did not
arise until Chavez's federal habeas
petition was filed.

The allegations must be factual and
specific, not conclusory.  Conclusory
allegations are simply not enough to warrant
a hearing.  *San Martin v. McNeil,* 633 F.3d
1257, 1271 (11th Cir. 2011) ("'An
evidentiary hearing may be necessary where
the material facts are in dispute, but a
petitioner is not entitled to an evidentiary
hearing when his claims are merely
conclusory allegations unsupported by
specifics.'") (quoting *Pugh v. Smith,* 465
F.3d 1295, 1300 (11th Cir. 2006)); *see also
Boyd v. Allen,* 592 F.3d 1274, 1306-07 (11th
Cir. 2010) ("On this scant record, we cannot
say that Boyd's allegations amount to
anything more than the merely conclusory,
nor that the district court has abused its
considerable discretion in failing to hold a
hearing on his claim." (citations omitted)).
        Of course, all of these principles of
law would mean nothing if district courts
were required to mine the record,
prospecting for facts that the habeas
petitioner overlooked and could have, but
did not, bring to the surface in his
petition.  Making district courts dig
through volumes of documents and transcripts
would shift the burden of sifting from
petitioners to the courts.  With a typically
heavy caseload and always limited resources,
a district court cannot be expected to do a
petitioner's work for him.  *Cf. Adler v.
Duval Cnty. Sch. Bd.,* 112 F.3d 1475, 1481 n.
12 (11th Cir. 1997) (noting in a civil case
that, absent plain error, "it is not our
place as an appellate court to second guess
the litigants before us and grant them
relief . . . based on facts they did not
relate."); *Johnson v. City of Fort
Lauderdale,* 126 F.3d 1372, 1373 (11th Cir.

9

> 1997) ("[W]e are not obligated to cull the
> record ourselves in search of facts not
> included in the statements of fact.").  The
> Seventh Circuit memorably said that
> appellate judges "are not like pigs, hunting
> for truffles buried in briefs." *United
> States v. Dunkel,* 927 F.2d 955, 956 (7th
> Cir. 1991).  Likewise, district court judges
> are not required to ferret out delectable
> facts buried in a massive record, like the
> one in this case, which was more than 25,000
> pages of documents and transcripts.

*Chavez*, 647 F.3d at 1060-61.  The Court finds that the bare
assertion by Perine that his attorney did not file an appeal,
though requested to do so, fails to prompt the need for an
evidentiary hearing under *Chavez*.  Petitioner has provided no
facts which, if accepted as true, would warrant a hearing.  As
such, no hearing will be held in this matter.

Returning to the law regarding the claim raised, the Court
notes that local federal court rule 83.7(b)(1) states as
follows:  "In the event that a defendant in a criminal action is
convicted, retained counsel shall advise the defendant of his
right to appeal and of his right to counsel on appeal.  If
requested to do so by the defendant, counsel shall file a timely
notice of appeal."  Finally, the Court notes the well-settled
law that "an attorney who fails to file an appeal on behalf of a
client who specifically requests it acts in a professionally
unreasonable manner." *Gomez-Diaz v. United States*, 433 F.3d

788, 791-92 (11th Cir. 2005) (*citing Roe v. Flores-Ortega*, 528

U.S. 470, 477 (2000). The *Gomez-Diaz* Court went on to say that

> even if a client has not made a specific
> request of his attorney to file an appeal, a
> court must inquire whether the attorney
> consulted with the client regarding the
> advantages and disadvantages of appealing
> and made a reasonable effort to determine
> the client's wishes.  If so, the attorney
> has only acted unreasonably if he has
> ignored the client's wishes to appeal the
> case.  If not, the court must further
> inquire whether the attorney had the
> affirmative duty to consult.  An attorney
> has this duty when either (1) any rational
> defendant would want to appeal, or (2) his
> particular client reasonably demonstrated an
> interest in appealing.

*Gomez-Diaz*, 433 F.3d at 92 (citations omitted).

As noted earlier, Petitioner's Attorney filed a Notice of

Non-Appeal which states as follows:

> 1.  Counsel and the defendant have
> thoroughly discussed the merits of an appeal
> on multiple occasions and counsel is
> satisfied that the defendant understands the
> scope of any potential appellate remedies.
> 2.  Counsel has advised the defendant
> that an appeal of his case would be
> fruitless and not in his best interest.  The
> defendant has agreed with counsel with
> respect to this course of action and does
> not wish to pursue an appeal.

(Doc. 72).  The document is signed by the Attorney and dated

August 20, 2010 (Doc. 72).  Perine has neither acknowledged nor disavowed the Notice; the Court further notes that this Motion was not filed until nearly eleven months after the Notice was filed and that Petitioner filed no pleadings in the intervening period.

The Court finds no merit in Perine's assertion that he was denied his right to appeal.  At most, he has made a conclusory allegation with nothing to support it.  This claim is without merit.

Petitioner has raised three claims in this petition.  All are without merit.  Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Levi Perine, Jr.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).

12

A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Inasmuch as the Court has found that Perine has failed to assert sufficient facts to support any claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Perine will not be able to make that showing.

<u>CONCLUSION</u>

It is recommended that Perine's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

13

1.  **Objection**.  Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk
of court.  Failure to do so will bar a de novo determination by
the district judge of anything in the recommendation and will
bar an attack, on appeal, of the factual findings of the
magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*,
855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677
F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for
challenging the findings and recommendations of the magistrate
judge is set out in more detail in SD ALA LR 72.4 (June 1,
1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served
> with a copy of the recommendation, unless a different
> time is established by order.  The statement of
> objection shall specify those portions of the
> recommendation to which objection is made and the
> basis for the objection.  The objecting party shall
> submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's
> arguments that the magistrate judge's recommendation
> should be reviewed de novo and a different disposition
> made.  It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted
> or referred to and incorporated into the brief in
> support of the objection.  Failure to submit a brief
> in support of the objection may be deemed an
> abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination

that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 5th day of April, 2012.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE